PER CURIAM.
Virgilio F. Cazanas appeals orders enforcing the sale of the marital home to Irene Lopez. We affirm.
After the trial of matrimonial case, the parties announced on the record a partial settlement agreement for the sale of the marital home to the wife’s relative, Irene Lopez. It is our view that once the parties had announced this agreement, they were bound to proceed in good faith to carry it out. “[Sjettlements are highly favored and will be enforced whenever possible.” Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985) (citations omitted). While it is true that the trial court subsequently issued final judgment which contained other procedures for disposition of the marital home, it is not reasonable to suppose that in issuing the judgment, the trial court intended to relieve the parties of their obligations to carry out the already-announced agreement for the sale of the marital home to Ms. Lopez. As we view the matter, the provisions contained in the final judgment would come into play only if the parties through no fault of their own had been unable to complete the transaction with Ms. Lopez.
The former husband objects to a provision in the contract whereby Ms. Lopez gave the former wife a non-interest bearing note for a part of the purchase price. The former husband, however, did not *927 complain about this provision when Ms. Lopez first presented her contract, and in any event, the former husband is not harmed by this provision. We have carefully considered the former husband’s arguments that the sale should be upset, but are not persuaded thereby.
Affirmed.